## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between JOSE ORTEGA SANCHEZ (" "Plaintiff"), and SOFIA FABULOUS PIZZA CORP., SOFIA 61ST STREET CORP., SERAFINA BROADWAY LTD., SERAFINA 77 WEST LLC, REGENCY RESTAURANT LLC, SERAFINA MEATPACKING LLC, SOFIA 58TH STREET CORP., 1260 RESTAURANT CORP., SERAFINA WHITE PLAINS LLC, BRASSERIE COGNAC DU MONSIEUR BALLOON CORP., SERAFINA EAST HAMPTON CORP., VITTORIO ASSAF a/k/a VICTOR ASSAF, and PASQUALE GRANATO a/k/a FABIO GRANATO (collectively or "DEFENDANTS"), (PLAINTIFF and DEFENDANTSare jointly referred to in this Settlement Agreement as the "Parties").

### RECITALS

A.   WHEREAS, on or about March 3, 2017, PLAINTIFF filed an action against DEFENDANTS alleging certain wages due. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-01615 ("Action");

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, DEFENDANTS admit no wrongdoing, nor any liability with respect to PLAINTIFF'S allegations;

D.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1.   <u>Consideration</u>. The Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.   <u>Settlement Compensation and Release.</u>

DEFENDANTS agrees to pay PLAINTIFF the settlement amount of $4,500 (the "Settlement Payment"). The Settlement Payment shall be paid by check reportable on a Form 1099 from Defendant 1260 Restaurant Corp. within fourteen (14) days after the Court approves this Agreement and So Orders the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation"), which is appended hereto as Exhibit "A." The Settlement Payment shall be delivered to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by PLAINTIFF'S counsel) in the form of a certified check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

1

Plaintiff agrees and acknowledges that Defendants and Defendants' counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon their respective portions of the Settlement Payment

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, PLAINTIFF, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, their affiliates and officers, directors, principals, owners, partners, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees"), of and from all FLSA wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action. The released claims include, but are not limited to, all FLSA claims for regular and overtime wages, all related derivative benefit claims (both ERISA and non-ERISA benefits), liquidated damages interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by all Parties.

3.  No Consideration Absent Plaintiff's Material Representations and Promises. Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "2" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

4.  Procedure. After this Agreement, the Stipulation, and the settlement agreement between the Parties to resolve Plaintiff's non-FLSA wage-hour claims alleged in the Action (the "Non-FLSA Settlement Agreement") are executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiff's counsel, Plaintiff will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

5. Governing Law and Interpretation. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. The prevailing party in any such action shall be entitled to recover its reasonable attorney's fees and litigations expenses, in addition to any fees and expenses spent litigating the amount of fees and expenses owed. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to

2

be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Court will retain exclusive jurisdiction to enforce this Agreement and any dispute shall be resolved by the court without a jury.

6. <u>Nonadmission of Wrongdoing</u>. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. <u>Amendment</u>. This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

8. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties, except the Non-FLSA Settlement Agreement, which remains in full force and effect. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to them in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement and the Non-FLSA Settlement Agreement.

9. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

10. <u>Translation.</u> Plaintiff confirms and acknowledges that this Agreement has been translated into his primary language before signing, and that Plaintiff fully understands this Agreement's terms and conditions.

11. <u>Headings</u>. The Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
José Ortega Sanchez
Date: 4/6/18

**SOFIA FABULOUS PIZZA CORP.**

By: _____
Name:
Title:
Date:

**SOFIA 61ST STREET CORP.**

By: _____
Name:
Title:
Date:

**SERAFINA BROADWAY LTD.**

By: _____
Name:
Title:
Date:

**SERAFINA 77 WEST LLC**

By: _____
Name:
Title:
Date:

**REGENCY RESTAURANT LLC**

By: _____
Name:
Title:
Date:

4

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

---

**Jose Ortega Sanchez**
Date:

**SOFIA FABULOUS PIZZA CORP.**

By: _____
Name: Alvaro Isla
Title: controller
Date: 4/6/18

**SOFIA 61ST STREET CORP.**

By: _____
Name: Alvaro Isla
Title: controller
Date: 4/6/18

**SERAFINA BROADWAY LTD.**

By: _____
Name: Alvaro Isla
Title: controller
Date: 4/6/18

**SERAFINA 77 WEST LLC**

By: _____
Name: MICHELLE SARRIA
Title: HR DIRECTOR
Date: 4/6/18


**REGENCY RESTAURANT LLC**

By: _____
Name:
Title:
Date:

4

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
Jose Ortega Sanchez
Date:

**SOFIA FABULOUS PIZZA CORP.**

By: _____
Name:
Title:
Date:

**SOFIA 61ST STREET CORP.**

By: _____
Name:
Title:
Date:

**SERAFINA BROADWAY LTD.**

By: _____
Name:
Title:
Date:

**SERAFINA 77 WEST LLC**

By: _____
Name:
Title:
Date:

**REGENCY RESTAURANT LLC**

By: _____[signature]_____
Name:   Rabinder Pal Singh
Title:   Manager
Date:   4/6/2015

4

**SERAFINA MEATPACKING LLC**

By: _____
Name: Alvaro Isla
Title: office
Date: 4/6/18

**SOFIA 58TH STREET CORP.**

By: _____
Name: Alvaro Isla
Title: controller
Date: 4/6/18

**1260 RESTAURANT CORP.**

By: _____
Name:
Title:
Date:

**SERAFINA WHITE PLAINS LLC**

By: _____
Name: Alvaro Isla
Title: controller
Date: 4/6/18

**BRASSERIE COGNAC DU MONSIEUR BALLOON CORP.**

By: _____
Name: Alvaro Isla
Title: controller
Date: 4/6/18

**SERAFINA EAST HAMPTON CORP.**

By: _____
Name: Alvaro Isla
Title: Controller
Date: 4/6/18

5

_____
**VITTORIO ASSAF a/k/a VICTOR ASSAF**
ALVARO ISLA ON BEHALF OF VITTORIO ASSAF
Date:

_____
**PASQUALE GRANATO a/k/a FABIO GRANATO**
Date:

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ORTEGA SANCHEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class* <br><br> Plaintiffs, <br><br> v. <br><br> SOFIA FABULOUS PIZZA CORP., SOFIA 61st STREET CORP., SERAFINA BROADWAY, LTD., SERAFINA 77 WEST LLC; REGENCY RESTAURANT LLC, SERAFINA MEATPACKING LLC, SOFIA 58th ST. CORP., 1260 RESTAURANT CORP., SERAFINA EAST HAMPTON CORP., SERAFINA WHITE PLAINS LLC, BRASSERIE COGNAC DU MONSIEUR BALLOON CORP., VITTORIO ASSAF a/k/a VICTOR ASSAF, and PASQUALE GRANATO a/k/a FABIO GRANATO <br><br> Defendants. | Case No.: 17-cv-01615 (SHS) |

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

**WHEREAS**, the Parties reached a settlement of this action and Plaintiff's claims set forth in the First Amended Complaint filed in this case, through arms-length negotiations with the assistance of counsel, and have entered into a Negotiated Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS**, the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of Plaintiff's Fair Labor Standards Act claims set forth in the First Amended Complaint; and

**WHEREAS**, this Court shall retain jurisdiction to enforce the terms of the Agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. No attorneys' fees or costs will be awarded to any party by the Court, except as provided in the the Agreement. The terms of the Agreement have been presented for review and approval by the Court and the Agreement is hereby approved by the Court.

The Court shall retain jurisdiction as to enforcement of the Agreement.

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: _____
C.K. Lee, Esq.
*ATTORNEYS FOR PLAINTIFF*
30 East 39th Street, Second Floor
New York, NY 10016
(212) 465-1188

Dated: 4-6-18

JACKSON LEWIS P.C.

By: _____
Felice B. Ekelman, Esq.
Douglas J. Klein, Esq.
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000

Dated: 4-6-18

SOFIA FABULOUS PIZZA CORP., SOFIA 61ST STREET CORP.,

DUNNINGTON, BARTHOLOW & MILLER LLP

By: Robert Swetnick  (L.A)
Robert N. Swetnick, Esq.
*ATTORNEYS FOR DEFENDANT 1260 RESTAURANT CORP.*
250 Park Avenue, Suite 1103
New York, NY 10177
(212) 349-2800

Dated: 4-6-18

9

SERAFINABROADWAY LTD., SERAFINA 77 WEST LLC, REGENCY RESTAURANT LLC, SERAFINA MEATPACKING LLC, SOFIA 58TH STREET CORP., 1260 RESTAURANT CORP., SERAFINA WHITE PLAINS LLC, BRASSERIE COGNAC DU MONSIEUR BALLOON CORP., SERAFINA EAST HAMPTON CORP., VITTORIO ASSAF a/k/a VICTOR ASSAF, and PASQUALE GRANATO a/k/a FABIO GRANATO

Dated: _____

        SO ORDERED on this _____ day of _____, 201\_\_.

        _____

4831-7765-9488, v. 1